```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| GEORGE NETTLES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-cv-02776-JPM-dkv |
| | ) |
| HOTEL PEABODY, G.P., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AS MOOT AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

Before the Court is Defendant Hotel Peabody, G.P.'s ("Defendant") Partial Motion to Dismiss (D.E. 6), filed January 12, 2010. Plaintiff George Nettles responded in opposition on May 14, 2010, requesting leave to amend his complaint. (D.E. 17.) For the reasons stated below, Defendant's Partial Motion to Dismiss is DENIED as moot and Plaintiff is GRANTED leave to amend his complaint.

**I. BACKGROUND**

Plaintiff's *pro se* complaint, filed November 27, 2009, asserts causes of action against Defendant for (1) race discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., (2) race discrimination in violation of 42 U.S.C. § 1981, (3) race

discrimination and harassment in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 et seq., (4) intentional infliction of emotional distress, and (5) wrongful discharge in violation of Tennessee common law.  (Compl. (D.E. 1) at 1.)  On January 12, 2010, Defendant filed the instant motion to dismiss Plaintiff's claims for intentional infliction of emotional distress and wrongful discharge.  (Def.'s Partial Mot. to Dismiss (D.E. 6) at 2-5.)

On February 16, 2010, the Court issued a Federal Rule of Civil Procedure 16 scheduling order, setting April 16, 2010 as the amended pleading deadline and October 15, 2010 as the discovery deadline.  (See D.E. 11.)  The trial in this matter is set for February 14, 2011.  (D.E. 14.)

On May 14, 2010, Plaintiff retained counsel who subsequently filed a Notice of Appearance and a response in opposition to Defendant's partial motion to dismiss.  (D.E. 16, 17.)  Plaintiff's response contends that his *pro se* complaint properly asserts claims for intentional infliction of emotional distress and wrongful discharge.  (Pl.'s Resp. in Opp'n (D.E. 17) at 3-7.)  In the alternative, Plaintiff, having now retained counsel, motions the Court for leave to amend his *pro se* complaint to properly set forth his claims.  (Id. at 7.)

**II.   ANALYSIS**

After time to amend "as a matter of course" has expired, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). According to Rule 15, "[t]he court should freely give leave when justice so requires." Id. Once a Rule 16 scheduling order's deadline passes, however, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend," and the district court must evaluate prejudice to the nonmoving party before considering "whether amendment is proper under Rule 15(a)."[1] Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

In the instant case, Plaintiff filed his *pro se* complaint on November 27, 2009. (D.E. 1.) On February 16, 2010, the Court entered a Rule 16 scheduling order, setting April 16, 2010 as the amended pleadings deadline and October 15, 2010 as the discovery deadline. (See D.E. 11.) Trial in this matter is not set until February 14, 2011. (D.E. 14.) After retaining

---

[1]   Federal Rule of Civil Procedure 16, governing pretrial conferences and scheduling management, provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

3

counsel, Plaintiff's counsel filed a Notice of Appearance (D.E. 16) and a Response in Opposition to Defendant's Partial Motion to Dismiss (D.E. 17) on May 14, 2010.  The Court finds that these actions demonstrate a diligent attempt on behalf of a *pro se* plaintiff to meet the scheduling order requirements.  Furthermore, Defendant will not be prejudiced by granting Plaintiff a brief period of time to amend his *pro se* complaint based on the discovery deadline and trial date.[2]

Turning to Rule 15(a)(2), the Court may consider several factors in deciding whether to grant leave to amend, including prejudice to the opposing party, delay, failure to cure deficiencies by previous amendments, and futility of amendments. See Miller v. Admin. Office of Courts, 448 F.3d 887, 898 (6th Cir. 2006) (citing Perkins v. Am. Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001)).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant [or] repeated failure to cure deficiencies by amendments previously allowed . . . - the leave sought should, as the rule requires, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[2]   See Robinson v. Heritage Elementary Sch., No. CV-09-0541-PHX-LOA, 2010 WL 396307, at *5 (D. Ariz. February 1, 2010) (finding that a *pro se* plaintiff established good cause to amend a complaint after the Rule 16 scheduling order deadline by showing that she responded promptly to the defendant's motion to dismiss after taking steps to retain counsel).

The Court finds that Plaintiff's first request to amend his *pro se* complaint is not the result of any improper actions, will not prejudice Defendant, and may resolve the concerns cited in Defendant's partial motion to dismiss. As a result, the Court DENIES Defendant's Partial Motion to Dismiss (D.E. 6) as moot WITH LEAVE TO RENEW after Plaintiff has had an opportunity to amend his complaint.

### III. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss is DENIED as moot and Plaintiff is GRANTED leave to amend his complaint by June 9, 2010.

SO ORDERED this 18th day of May, 2010.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE