**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| GEORGE NETTLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-cv-02776-JPM-dkv |
| | ) |
| HOTEL PEABODY, G.P., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

Before the Court is Defendant Hotel Peabody, G.P.'s

("Defendant") Partial Motion to Dismiss (D.E. 20), filed June

23, 2010. Plaintiff George Nettles ("Plaintiff") responded in

opposition on August 6, 2010. (D.E. 25.) Defendant filed a reply

in support of its motion on August 19, 2010. (D.E. 28.) For the

following reasons, the Court GRANTS Defendant's Partial Motion

to Dismiss.

**I. BACKGROUND**

Defendant runs a hotel in Memphis, Tennessee. On January

24, 2007, Defendant hired Plaintiff, a black male, as a banquet

server. (Am. Compl. (D.E. 19) ¶ 10.) While performing his duties

as a banquet server, Plaintiff alleges that he was assaulted by

a "disorderly hostile guest." (Id. ¶ 12.) Plaintiff states that

Defendant allowed the guest to assault Plaintiff, failed to

1

defend Plaintiff, and instructed Plaintiff not to defend

himself. (Id. at ¶¶ 12-12.) Defendant then terminated Plaintiff

on December 1, 2008 "for alleged infractions after being

accosted by the . . . guest." (Id. at ¶¶ 14-15.)

Plaintiff filed a timely EEOC charge and, after receiving

his right to sue letter, filed a timely pro se complaint in this

Court on November 27, 2009 alleging that Defendant's

discriminatory actions resulted in Plaintiff's wrongful

termination.[1] (See D.E. 1.) On January 12, 2010, Defendant filed

a partial motion to dismiss, asking the Court to dismiss

Plaintiff's claims for intentional infliction of emotional

distress and wrongful discharge. (Def.'s Partial Mot. to Dismiss

(D.E. 6) 2-5.) On May 14, 2010, Plaintiff retained counsel who

subsequently filed a response in opposition to Defendant's

partial motion to dismiss. (Pl.'s Resp. in Opp'n (D.E. 17).)

Plaintiff, thereafter, moved the Court for leave to amend his

pro se complaint to properly set forth his claims. (Id. at 7.)

In an Order dated May 18, 2010, the Court granted Plaintiff

leave to amend his complaint and denied Defendant's partial

motion to dismiss as moot with leave to renew after Plaintiff

---

[1] Plaintiff's pro se complaint asserted claims against Defendant for (1) race
discrimination and harassment in violation of Title VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000 et seq.; (2) race discrimination in violation
of 42 U.S.C. § 1981; (3) race discrimination and harassment in violation of
the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 et seq.; (4)
intentional infliction of emotional distress; and (5) wrongful discharge in
violation of Tennessee law. (Compl. (D.E. 1) 1.)

had the opportunity to amend his complaint. (Order Denying

Def.'s Partial Mot. to Dismiss as Moot and Granting Pl. Leave to

Am. Compl. ("May 18 Order") (D.E. 18) 5.)

Plaintiff filed an Amended Complaint on June 9, 2010,

asserting claims against Defendant for: (1) race discrimination

and harassment in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000 et seq.; (2) race discrimination in

violation of 42 U.S.C. § 1981; (3) race discrimination and

harassment in violation of the Tennessee Human Rights Act, Tenn.

Code Ann. § 4-21-101 et seq.; (4) intentional infliction of

emotional distress; and (5) negligent hiring, retention, and

supervision practices.[2] (See generally Am. Compl.)

On June 23, 2010, Defendant filed the instant partial

motion to dismiss Plaintiff's claims for intentional infliction

of emotional distress and negligent hiring, retention, and

supervision practices. (See Def.'s Partial Mot. to Dismiss

("Mot. to Dismiss") (D.E. 20).)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

defendant may move to dismiss the plaintiff's complaint for

"failure to state a claim upon which relief can be granted."

---

[2] In the Amended Complaint, Defendant asserted all but one of his previous claims from the original complaint. The Amended Complaint did not include a wrongful discharge claim against Defendant. (Am. Compl. 1-2.) Instead, it alleged claims of negligent hiring, retention, and supervision. (Id.)

Fed. R. Civ. P. 12(b)(6). Under <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Courie v. Alcoa Wheel & Forged Prods.</u>, 577 F.3d 625, 630 (6th Cir. 2009) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." <u>In re Travel Agent Comm'n Antitrust Litig.</u>, 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." <u>Id.</u> at 903 (citations and quotation marks omitted).

**III. ANALYSIS**

**A. Factual Allegations the Court May Consider**

As an initial matter, the Court notes that, for purposes of determining Defendant's motion to dismiss, it may not consider the factual allegations contained in Plaintiff's original complaint or his response in opposition to Defendant's motion.[3]

---

[3] Defendant raises this issue in its reply to Plaintiff's response because Plaintiff's response includes a more detailed description of the altercation that allegedly occurred on November 27, 2008. (Def.'s Reply to Pl.'s Resp.

The Sixth Circuit follows the general rule that "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." <u>Weiner v. Klais & Co., Inc.</u>, 108 F.3d 86, 98 (6th Cir.1997). Moreover, an amended complaint supersedes any previous complaints and, therefore, allegations contained in a previous complaint may not be used to repair any defects in a subsequent amended complaint. <u>Parks v. Fed. Express Corp</u>, 1 Fed. App'x 271, 277 (6th Cir. 2001). Thus, the Court may only consider the allegations contained within Plaintiff's Amended Complaint in determining Defendant's Partial Motion to Dismiss.

## B. Intentional Infliction of Emotional Distress

Defendant moves to dismiss Plaintiff's intentional infliction of emotional distress claim. In Tennessee, intentional infliction of emotional distress requires "conduct [that is] so outrageous that it is not tolerated by civilized

---

in Opp. to Def.'s Partial Mot. to Dismiss ("Def.'s Reply") (D.E. 28); <u>see</u> Resp. in Opp. to Def.'s Partial Mot. to Dismiss ("Pl.'s Resp.") (D.E. 25).) In his response, Plaintiff alleges that Defendant failed to protect Plaintiff during a "single 'racially charged, alcohol induced' incident with a customer, during which the customer 'verbally abuse[d], insult[ed], harass[ed], use[d] racial slurs against, and threaten[ed] Plaintiff, a black male with physical violence." (Def.'s Reply 1 (quoting Pl.'s Resp. 4).) Plaintiff's original complaint also contains a more detailed description of the events giving rise to Plaintiff's claims than that included in Plaintiff's Amended Complaint. (<u>See generally</u> Compl.) On this Court's order, Plaintiff was permitted to amend his Complaint upon retaining counsel to, <u>inter alia</u>, "resolve concerns cited in Defendant's partial motion to dismiss." (May 18, 2010 Order 5.)

society."[4] <u>Bain v. Wells</u>, 936 S.W.2d 618, 622 (Tenn. 1997). The

"outrageous conduct requirement is a high standard which has

consistently been regarded as a significant limitation on

recovery." <u>Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of</u>

<u>Nashville</u>, 154 S.W.3d 22, 39 (Tenn. 2005). Under this standard,

"[i]t has not been enough that defendant has acted with an

intent which is tortious or even criminal, or that he has

intended to inflict emotional distress, or even that his conduct

has been characterized by 'malice,' or a degree of aggravation

which would entitle the plaintiff to punitive damages for

another tort." <u>Bain</u>, 936 S.W.2d at 623 (citations omitted).

"[M]ere insults, indignities, threats, annoyances, petty

oppression or other trivialities" fail to constitute outrageous

conduct. <u>Levy v. Franks</u>, 159 S.W.3d 66, 83 (Tenn. Ct. App.

2004). A cause of action lies only when "the distress is so

severe that no reasonable [person] could be expected to endure

it." <u>Miller v. Willbanks</u>, 8 S.W.3d 607, 615 n.4 (Tenn. 1999)

(quoting Restatement (Second) of Torts § 46 cmt. j).

In the present case, Plaintiff bases his outrageous conduct

claim on two discrete acts that occurred four days apart on

November 27, 2008 and December 1, 2008. On November 27, 2008,

---

[4] There are three essential elements that must be shown to sustain a claim of intentional infliction of emotional distress: "(1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury." <u>Bain</u>, 936 S.W.2d at 622.

Plaintiff states that he was "accosted" by a "disorderly guest"

and that Defendant "intentionally permitted [the] disorderly

guest to assault the Plaintiff." (Am. Compl. ¶ 55.) Plaintiff

alleges that Defendant "refused to defend[] the Plaintiff, while

simultaneously instructing the Plaintiff to refrain from

defending himself." (Id. ¶ 56.) On December 1, 2008, Defendant

terminated Plaintiff. (Id. ¶ 14.) Plaintiff contends that

"Defendant's employees, agents, and representatives engaged in

intentional and/or reckless conduct when, based upon Plaintiff's

race, they terminated the Plaintiff after exposing him to a

disorderly hostile guest" and "under the pretext of

unprofessional behavior towards a hotel guest." (Id. ¶¶ 57-58.)

Plaintiff's allegations do not meet the "high threshold"

for outrageousness under Tennessee law. Termination of an

individual's employment does not, in and of itself, constitute

outrageous behavior sufficient to form the basis of a claim for

intentional infliction of emotional distress. See Reid v. Sears,

Roebuck & Co., 790 F.2d 453, 462 (6th Cir. 1986) (holding that

an at-will employee cannot maintain a claim for intentional

infliction of emotional distress against his or her employer

based on termination of employment) (citation omitted).

Discrimination, without more, does not meet Tennessee's "very

high" standard for outrageousness. See Mays v. Int'l Mill

Servs., Inc., No. 05-1367-T/AN, 2006 WL 208874, at *4-5 (W.D. Tenn. January 26, 2006).

The Sixth Circuit has held that inaction by an employer in the face of systematic, degrading treatment may rise to the level of outrageous conduct under Tennessee law. See, e.g. Pollard v. E.I. Dupont de Nemours Co. 213 F.3d 933, 947 (6th Cir. 2000), rev'd on other grounds 532 U.S. 843 (2001) (concluding that "[i]naction by an employer, or another actor in a position to exercise control, in the face of continuous, deliberate, degrading treatment of another may rise to the level of intentional infliction of emotional distress"). However, the conduct complained of here—Defendant's inaction in the face of a single, verbal confrontation between a guest and Plaintiff—does not does not rise to that level. See Mays, 2006 WL 208874, at *3 (finding that the plaintiff's allegations that his employer failed to take action to stop his co-workers' harassment, where his co-workers called him racially derogatory names, referred to him in a racially derogatory manner, and tried to provoke confrontations with him because he was a black man and his wife was white, failed to meet the very high standard required to establish a cause of action for outrageous conduct in Tennessee). Plaintiff does not allege "continuous, deliberate, or degrading treatment" that Defendant failed to prevent. A disorderly diner accosted Plaintiff while he was

working as a banquet server. Defendant restrained Plaintiff from

taking action against the guest. This is not the type of

employer conduct that an average member of the community would

consider outrageous.[5] Accordingly, the Court finds that Plaintiff

fails to allege conduct that rises to the level of

outrageousness required to state a claim in Tennessee.

Plaintiff's intentional infliction of emotional distress claim

is hereby DISMISSED.

### C. Negligent Hiring, Retention, and Supervision Practices

Defendant moves to dismiss Plaintiff's negligent hiring,

retention, and supervision claims. Defendant avers that the

claims are barred by the exclusive remedy provision of

Tennessee's Workers' Compensation Act ("TWCA"). Plaintiff

counters that the exclusive remedy provision applies only to

accidental injuries or death. Thus, Plaintiff argues that the

his claims of negligent hiring, retention, and supervision are

not barred because they are "based upon Defendant's behavior

rather than on accidental injury." (Pl.'s Resp. 7.)

Two issues are raised by the filings: (1) whether

Plaintiff's negligent hiring, retention, and supervision claims

fall within the scope of the TWCA; and (2) whether the claims

---

[5] The Court makes no determination of whether the guest's conduct may have
risen to the level of outrageousness required to state a claim. Plaintiff's
claim is against Defendant, his employer, not the disorderly guest.

fall within the intentional tort exception so as to avoid the
exclusive remedy provision of the TWCA.

### 1. Plaintiff's Negligent Hiring, Retention, and Supervision Claims Fall Within the Scope of the TWCA

The Tennessee Workers' Compensation Act exclusivity
provision states: "The rights and remedies granted to an
employee subject to this chapter, on account of personal injury
or death by accident . . . shall exclude all other rights and
remedies of the employee . . . at common law or otherwise, on
account of the injury or death." Tenn. Code Ann. § 50-6-108(a).
"Pursuant to this section, workers' compensation law provides
the exclusive remedy for an employee who is injured during the
course and scope of his employment, meaning the employee is
precluded from seeking tort damages for the injury." Valencia v.
Freeland & Lemm Const. Co., 108 S.W.3d 239, 242 (Tenn. 2003).

Thus, for the TWCA to be applicable, courts have developed
a two-pronged test: (1) the injury must arise out of the
plaintiff's employment; and (2) the injury must have occurred
during the course of plaintiff's employment. Hill v. Eagle Bend
Mfg., Inc., 942 S.W.2d 483, 487 (Tenn. 1997).

The term "injury" is defined in Tennessee Code Annotated §
50-6-102 as "an injury by accident arising out of and in the
course of employment . . . ." Courts have broadly construed the
definition "beyond the limited language contained in the

statute" "in keeping with the liberal construction accorded the Worker's Compensation statute."[6] <u>Harman v. Moore's Quality Snack Foods, Inc.</u>, 815 S.W.2d 519, 527 (Tenn. Ct. App. 1991)

Plaintiff attempts to distinguish the conduct alleged here because it is an injury based on defendant's conduct rather than an injury resulting from an accident. In support of his argument, Plaintiff cites to <u>Harman</u>, 815 S.W.2d 519, and argues that the Tennessee Court of Appeals "found that an employee's sexual harassment claim was not precluded by the worker's compensation law . . . since this was not an 'injury by accident' contemplated by the workers' compensation law." (Pl.'s Resp. 6.)

Plaintiff misstates the Tennessee Court of Appeals' reasoning and analysis. Though the <u>Harman</u> court quoted the definition of the term "injury" on which Plaintiff relies it based its conclusion that sexual harassment claims were not within the scope of the TWCA on its finding that the injury did not arise out of the plaintiff's employment. <u>Id.</u> at 526-27. The <u>Harman</u> Court found that, "as a matter of public policy, sexual harassment should not and cannot be recognized as a 'risk'

---

[6] For example, Tennessee courts have held that workers' compensation covers emotional injuries, including those which result from non-physical trauma. "To be compensable, the mental injury must have resulted from an identifiable stressful, work-related event that produced a sudden mental stimulus such as fright, shock, or excessive unexpected anxiety." <u>Guess v. Sharp Mfg. Co. of America</u>, 114 S.W.3d 480, 485 (Tenn. 2003). There is no requirement that the injury-producing event be accidental.

inherent in any work environment." Id. at 527 (quoting Byrd v.

Richardson-Greenshields Securities, Inc., 552 So. 2d 1099, 1104

n.7 (Fla. 1981)).

The "injury by accident" distinction is irrelevant to

Plaintiff's claims. To show that the TWCA is inapplicable to his

claims, Plaintiff must show either that the injury did not arise

out of his employment or that the injury did not occur during

the course of his employment. Hill, 942 S.W.2d at 487. On

considering a similar claims of negligent hiring, supervision,

and retention arising out of a defendant's discriminatory

termination of an employee, a Tennessee district court first

found that the "Plaintiff must have been performing the duties

of her employment and was at the work place at the time of the

events that gave rise to these claims, so it cannot be said that

her injuries did not occur in the course of her employment."

Fonseca v. Golden Living Center-Moutainview, No. 4:09-cv-93,

2010 WL 3155984, at *5 (E.D. Tenn. 2010). When it considered the

second question, the court reasoned that the "Defendant's

negligent hiring, negligent supervision, or negligent retention

that results in injury or damage to Plaintiff would have to be

rationally connected to her duties as an employee of Defendant."

Id. Explaining that  "without this employment relationship,

Plaintiff's employment and work duties would not exist, nor

would her alleged injury," the court concluded that the

plaintiff's injuries were "rationally connected to her work duties and arose out of her employment."

Here, the Court finds that Plaintiff's alleged injuries both arose out of his employment and occurred during the course of his employment. Plaintiff was working as a banquet server when the altercation occurred, and the alleged assault by an intoxicated guest during brunch may reasonably be considered an injury that is rationally connected to his work duties. See Jesse v. Sav. Prods., 772 S.W.2d 425 (Tenn. 1989) ("The Plaintiff's indiscriminate exposure to the general public is one of the conditions under which her work was required to be performed, and the actions of those persons on the premises are reasonably considered hazards of the employment."). As a result, Plaintiff's negligent hiring, supervision, and retention claim falls within the scope of the TWCA.  The claim is thus, barred by the exclusive remedy provision unless it falls within the intentional tort exception.

**2. Plaintiff's Negligent Hiring, Retention, and Supervision Claims Do Not Fall Within the Intentional Tort Exception of the TWCA**

Similar to other jurisdictions, Tennessee courts have created an exception to the exclusivity provision for intentional torts committed by an employer against an employee; these torts give rise to a common-law tort action for damages.

See, e.g., Mize v. Conagra, Inc., 734 S.W.2d 334, 336 (Tenn. Ct. App. 1987); King v. Ross Coal Co., 684 S.W.2d 617, 620 (Tenn. Ct. App. 1984).

On examining the issue of whether the exclusive remedy provision is a bar to claims of negligent retention and supervision, courts have determined that such claims are barred by the exclusive remedy provision of the TWCA absent any allegations of an employer's actual intent to injure. See Bellomy v. Autozone, Inc., No. E2009-00351-COA-R3-CV, 2009 WL 4059158, at *11 (Tenn. Ct. App. Nov. 24, 2009) (holding that the plaintiff's negligent supervision and retention claims based on her allegations that the defendant "knew or reasonably should have known that its supervisor . . . was discriminating against Plaintiff," did not satisfy the requirement of the exclusion——that the employer have the "actual intent" to injure the employee——and thus, were barred by the exclusive remedy provision of the TWCA); Fonseca, 2010 WL 3155984, at *6 (holding that, absent allegations in the plaintiff's complaint that the defendant took any intentional action to cause her injuries, plaintiff's claim for negligent hiring, retention, and supervision was entirely covered by the exclusive remedy provision); Bronski v. Northwest Airlines, Inc., No. 01-2394, 2003 WL 21010322, at *8 (W.D. Tenn. Feb. 28, 2003) (holding that the plaintiff's claim of negligent supervision was a personal

injury claim arising from the alleged negligence of her employer and thus, was barred by the "clear language of the exclusivity provision of the Workers' Comp. Statute"). "[P]roof of actual intent goes beyond that sufficient to prove gross negligence or even criminal negligence." Bellomy, 2009 WL 4059158, at *11 (citing Gonzales v. Alman Constr. Co., 857 S.W.2d 42, 45 (Tenn. Ct. App. 1993)).

Plaintiff's negligent hiring, retention, and supervision claims are based on his conclusory assertions that Defendant acted intentionally.  Plaintiff avers that the Defendant "intentionally failed to hire and train supervisors and members in management on avoiding discrimination." (Am. Compl. ¶ 64.) Plaintiff also avers that Defendant "either intentionally failed to supervise members of management or intentionally chose to ignore the discriminatory practices it observed management committing." (Id. ¶ 65.)

Under the Rule 12(b)(6) standard, conclusory allegations will not suffice to survive a motion to dismiss.  Plaintiff's negligent hiring, retention, and supervision claims survive only if his complaint contains sufficient factual allegations of Defendant's actual intent to injure.  Here, Plaintiff's complaint contains no factual allegations that Defendant's alleged negligence manifested itself in an intent to injure the Plaintiff. See Mize, 734 S.W.2d at 337 ("[A] breach of an

15

employer's duty to provide a safe place to work is not equated

with an actual intent to injure nor intentional tortious

conduct."). Accordingly, the Court finds that Plaintiff's

negligent hiring, retention, and supervision claims do not fall

within the intentional tort exception to the TWCA.  The claims

are entirely covered by the exclusive remedy available through

the TWCA and cannot be asserted as separate tort claims.

Plaintiff's negligent hiring, retention, and supervision claims

are hereby DISMISSED.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Partial Motion to

Dismiss is GRANTED. Plaintiff's claims for intentional

infliction of emotional distress and negligent hiring,

retention, and supervision are hereby DISMISSED.[7]


SO ORDERED this 8th day of December, 2010.


_/s/ JON PHIPPS McCALLA_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] The following claims remain: (1) race discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.; (2) race discrimination in violation of 42 U.S.C. § 1981; and (3) race discrimination and harassment in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 et seq.